## THE PEOPLE *v.* ALFRED SLOCUM ET AL.

CONTRACT—PARTY PLAINTIFF.—When a contract is made with a party in which another has a beneficial and resulting interest, the party with whom the contract was made has the right to recover though he allege the injury only to be to the stranger to the instrument or contract.

OFFICIAL BOND.—A bond not filling the statuary requisites, yet which is lawful in itself and intended to protect the public, is a good bond.

IDEM.—If the bond which the law required of the defendants was not given, if the one given, instead of containing all the conditions which it should have contained, was less onerous, this is no defense to the breach of those conditions to which the defendants were parties.

STATUTORY BOND—OFFICER.—If a person get possession of an office by usurpation only, and give a statutory or a legal bond, and a breach of its conditions be committed, he is as much liable on such bond as though he had been duly elected or appointed.

SURETIES.—The sum set opposite the names of the respective parties subscribing a bond joint and several by its terms, is intended to show the sums for which they intend to justify and to fix their liabilities towards each in the event of the collection of the penalty.

CAUSES OF ACTION—PLEADING—JOINDER.—The rule under the code allows a party to state as many causes of action as he may have, if they are of a character to be properly combined in the same complaint, but it does not permit a party to set out the same causes under different forms.

VARIANCE—PROOFS.—It is considered no variance from the proof if the facts show a substantial right to recover under the allegations, and the necessity of having various forms of stating the same cause of action is thus fully obviated.

APPEAL from the second judicial district, Boise county.

The title of the suit as set out in the complaint is:

*The people of the United States in the territory of Idaho, upon the relation of C. B. Waite, district attorney of said judicial district, suing for the use of said county of Boise, against Alfred Slocum (and twenty-four others, sureties).*

The following is a copy of the bond sued upon:

"Know all men by these presents: That we, Alfred Slocum, as principal, and A. Scheline, E. Helfer, I. Sterne, I. C. Adams, I. H. Bowman, J. H. Heckman, H. H. Raymond, D. Markham, W. W. Chipman, M. McCormick, J. Sanders, D. Wertheimer, F. B. Butler, J. M. Betts, S. Owens, P. Kelly, J. Clarressy, F. C. Brown, E. Peyton, C. L. Goodrich, Sam'l Lawrin, Geo. Meritt, P. B. Smith, Frank Campbell, as sureties, all of the county of Boise and territory of Idaho, are held and firmly bound unto the people of the United States in the territory of Idaho, the said Alfred Slocum as principal, in the sum of thirty thousand dollars; the said E. Helfer as surety, one thousand dollars; the said I. Sterne as surety, one thousand dollars; the said I. C. Adams as surety, one thousand dollars (thus on through the list of sureties, ranging from one to five thousand dollars); for payment of which well and truly to be made we bind ourselves and our and each of our heirs and legal representatives in the respective amounts for which we become bounden as above, jointly and severally firmly by these presents.

"The condition of the above obligation is such, as, whereas the above-bound Alfred Slocum was, at a general election held in said county and territory on the tenth day of October, 1864, elected treasurer of said county by reason whereof and by operation of law he became treasurer of said Boise county: Now if the said Alfred Slocum shall truly and faithfully discharge the duties of said office of treas-

urer of said county according to law, then this obligation shall be null and void, otherwise to be and remain in full force and effect." (Then follow the signatures of the parties subscribing the bond, with the sums set opposite their names respectively, as above indicated.)

To the bond there is appended the justification of the sureties.

Defendants demur to the complaint; a formal ruling on this demurrer was made by the district court, and the cause adjourned into the supreme court for hearing on such demurrer.

*C. B. Waite,* for the plaintiffs.

*J. K. Shaffer and S. A. Merritt,* for the defendants.

The statute provides that each county treasurer, before entering upon the duties of his office, shall enter into bond with two or more sufficient freehold sureties, in double the probable amount, etc. (Stats., p. 499, sec. 108.) That which should be done the law presumes to have been done. It appears from the complaint that Slocum was acting as treasurer of Boise county, and as such received —— dollars from C. D. Vajen, before the execution of the bond sued on in the complaint. If then the law presumes him to have entered into bond before entering upon the discharge of the duties of his office, the complaint is fatally defective, in not alleging facts that discharge said bond, as cancellation, exhaustion, discharge, etc. The board of commissioners is a tribunal of inferior and limited jurisdiction, and can exercise no powers except such as are conferred by statute. The board is the creature of the statute. The statute does not authorize the board to require or take an additional or further bond after having entered upon the discharge of the duties of his office. Nor can the board do so. It would be the act of the members of the board as citizens, and not in their capacity as a board. A bond exacted by an officer when he has no authority to require it is void. (*Benedict* v. *Bray,* 2 Cal. 255; *Thompson* v. *Lockwood,* 15 Johns. 256.) There is no averment in the com-

plaint that the board of commissioners fixed the sum of thirty thousand dollars or any other sum as the amount of the bond of the treasurer.

The bond itself is a legal curiosity; it is neither a common law bond, nor is it a statutory undertaking; it is joint: as many obligations of the principal and each of the sureties as there are sureties. (*People* v. *Hartley*, 21 Cal. 589.) The statute requires a joint bond, or a joint and several bond; each obligor must undertake to pay the whole penalty. A voluntary bond to the state, without legislative authority to secure performance, etc., is void. (*Commonwealth of Kentucky* v. *Bassford*, 2 E. D. Smith, 218; 1 Abb. Dig. 484.) When a statute prescribes the condition of a bond, its provisions must be strictly complied with, or the bond will be void. (Abb. Dig., p. 484, sec. 12; 21 Wend. 88.) Sureties are not liable for past defaults unless made so in terms. (*Farrar* v. *United States*, 5 Pet. 373; Curtis Dig., p. 66, sec. 1.)

When an act requires a bond to be taken with a condition for the faithful disbursement of public money, and also for the faithful discharge of duty, and the former is omitted from the condition, query, whether the latter can be shown by proof to cover it. (*Farrar* v. *United States*, 5 Pet. 373; Curtis Dig., p. 67, sec. 7.) No person who is not the obligee of the bond or its assignee, can put it in suit unless authorized to do so by the legislature. It is not enough that a breach of the bond has damnified the person who brings the suit. (*Corporation of Wash.* v. *Young*, 10 W.; Curtis Dig., p. 65, sec. 8.)

McBRIDE, C. J., delivered the opinion of the court, KELLY, J., concurring.

The complaint in this case alleges that Alfred Slocum was the treasurer of Boise county; that on the twenty-sixth day of June, A. D. 1865, he and the other defendants executed their bond, a copy of which is set out in the complaint, to the people of the territory of Idaho, in the penal sum of thirty thousand dollars, for the faithful performance of the said Slocum's duties as such officer; that on the thirtieth

day of the same month and year, said bond was approved, filed and recorded in the office of J. M. Murphy, county recorder of Boise county. The complaint further avers that said Slocum was acting in the capacity of county treasurer from the said twenty-sixth day of June, 1865, until the eleventh day of January, 1866, and sets out four several breaches of the conditions of said bond.

The first breach assigned is that during the time the defendant, Slocum, was acting as county treasurer, he received funds amounting to about the sum of three thousand dollars, belonging to the county of Boise, which sum he neglected and refused to pay over according to law.

The second breach assigned is, that during the time the defendant, Slocum, was so acting as county treasurer, he received about the sum of three thousand dollars—proceeds of the tax levied and collected on real estate, personal property, moneys collected as poll taxes, and licenses in and for said county—and that said defendant failed and neglected to pay warrants properly drawn on said funds according to law.

The third breach assigned is that during the time the defendant, Slocum, was acting as county treasurer, he had in his possession about the sum of four thousand dollars belonging to the said county of Boise, which had been paid to him by his predecessor in office; and, further, the sum of one thousand dollars which had been paid to him in his capacity as county treasurer, which funds the defendant did not disburse as required by law, and has wholly failed and neglected to account for in any way whatever.

The fourth breach assigned is that the defendant Slocum was on the fifteenth day of January, 1866, the county treasurer of Boise county, and had as such officer received the sum of about three thousand dollars, and had the same on hand or should have had; that said Slocum, on going out of said office of county treasurer on the fifteenth day of January, 1866, did not, as required by law, deliver to his successor in office said sum or any part thereof.

The plaintiff, after assigning the breaches, prays judgment for the penalty of the bond sued upon and their costs.

To this complaint a portion of the defendants appear by their attorneys and demur, and for grounds say: 1. That the plaintiffs have not the legal capacity to sue; 2. That the complaint does not state facts sufficient to constitute a cause of action; 3. That the complaint is ambiguous, unintelligible, and uncertain.

On the hearing in the district court a formal ruling was made by the presiding judge, and the case adjourned under the statute into this court for decision.

The first question presented by the demurrer is that the plaintiffs have not legal capacity to sue. We suppose that the defendants did not intend to insist that the people of the territory of Idaho had no right to be plaintiffs in any action whatever, and yet the language of the demurrer is only general and does not apply to this case any more than to any other. Construing this pleading according to the rule, it is only a general impeachment of plaintiffs' capacity to sue, and if it should appear that a suit might be brought and maintained by the plaintiffs in any case, then this point should be overruled, for the demurrer does not deny their capacity in this case, but simply their general capacity to be plaintiffs in a suit. But as we do not desire to treat this question hypercritically, and as it is desirable for many reasons to dispose of it on its merits, we propose to pass on the direct question of the legal capacity of the plaintiffs to maintain this action.

To determine the point correctly, we go to the code. The statute provides "that every action shall be brought in the name of the real party in interest." This was intended to simplify the proceedings in the courts, and prevent circuity of action. It is a provision eminently just and wise, and easy of application. To determine who are proper parties in this case, we must look to the instrument upon which this action is brought. It is a bond made and executed by the defendants, Slocum and others, to "the people of the United States in the territory of Idaho," and is an engagement for the performance of certain duties imposed by law upon one of the obligors.

Being an official bond, and not assignable, no one can

put it in suit, except the express obligee of the bond itself. The county of Boise can not sue upon the bond, because it is in no way a party to its execution, and we think that the fact that the district attorney has alleged that this action is brought for the use of Boise county has misled the defendants into the error of thinking that the action is brought by the county of Boise.

It is true that is alleged to be for the use of Boise county, and it appears that Boise county is the injured party and entitled to the indemnity if recovered.    There are numerous decisions under the code going to sustain the doctrine that when a contract is made with one party in which another has a beneficial and resulting interest, the party with whom the contract was made has the right to recover, though he allege the injury to be only to a stranger to the instrument or contract.    The following is a case in point:

B. executed ten subscription notes, whereby he promised to pay a certain sum to V. C., as "execution agent of an incorporated company;" held that V. C. was the "trustee of an express trust" within the meaning of that term as used in the code, and as such could maintain an action upon the notes in his own name.    He was a person "in whose name a contract is made for the benefit of another." (_Considerant_ v. _Burbaum_, 22 N. Y.; 8 Smith, 389.)    It was insisted by the defendant in the argument that the breach of the voluntary bond to the state, given without legislative authority for the benefit of a third person, afforded no ground for a recovery.    But that is not this case.    A bond in this case is required by law—based upon an admitted consideration moving from the county of Boise to the obligee of the bond, and though not complying with the legislative requisites of such an instrument, is still sanctioned by legislative authority.    Such an instrument can not be likened to one given without authority for a purpose unknown to the law, and for the benefit of a person who advanced no consideration as a basis of conditions.

But even admitting that this view is incorrect, still the averment that the action is brought for the use of Boise

county might be rejected as surplusage, as an unnecessary averment, and yet not defeat the plaintiffs' right to recover.

The law requires the district attorney to prosecute all actions on behalf of the people in the district, and to pay over all moneys which he may collect according to law; and when, in the name of the people of the territory, he recovers moneys which belong, or are to be applied, in any particular direction, he is bound, by his oath of office and his bond, to make the proper application, and in this case if, without averring that the action was for the benefit of Boise county, he should have brought suit and recovered the penalty of this bond upon evidence of the facts alleged in the complaint, the law would require him to apply the proceeds to indemnify Boise county, and for any neglect in so doing he would be responsible.

But we are of opinion that when the action is brought to indemnify a party beneficially interested in the instrument, and not a party to its execution, the allegation that it is for his use is legal and proper. It advises the defendant of the facts constituting the grounds of the action, and enables him to make his defense in the suits. It is good law and good pleading.

The second ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. On this point in the demurrer, the defendants, by their brief, raise the general question of the validity and legality of the bond declared upon, and upon the determination of these questions this action wholly depends.

We proceed, therefore, to consider the points presented. It is urged that this bond is not in compliance with the statute, was not executed in pursuance of any statute, and is therefore void.

The first part of the objection is just. The corollary we, however, deny. If the intention of the parties was to execute a bond, filling the statutory requisites, then they utterly failed in their attempt. The remaining question growing out of this objection, is, If the defendants executed a bond which was lawful in itself, intended to protect the public,

and there have been breaches of its conditions, can it be enforced?

We are clearly of the opinion that good morals, public policy, and the law, sustain the affirmative of this proposition. If the bond which the law required of the defendants was not given, if the one given, instead of containing all the conditions which it should have contained, was less onerous, has he or have his sureties any right to complain? The failure to exact the statutory conditions is no defense to the breach of those to which they were parties, and that they are milder in form is due to the lenity of public officers, and is a circumstance which is no defense for these defendants. We acknowledge the doctrine contended for in the case of *Benedict* v. *Bray*, 2 Cal. 255. But the case bears little analogy to this. That was a bond exacted without any authority whatever, and when none was required by law. In this case the law required a bond of the county treasurer; it was his duty to execute one, and in doing so, if he gave one less stringent, less burdensome, and more liberal than the law, strictly and properly enforced, would have exacted, he can not claim exemption for admitted liabilities under it. It is not the case of an obligation under legal duress, as it were, but a bond given to comply with the law, and yet falling short of its provisions; and to allow a defendant to escape such an obligation would be to permit him to take advantage of his own wrong. And while we admit that this is not a statutory bond, it is a lawful bond, and may be enforced under the general law as being sustained by legislative authority.

Another objection raised by the brief is that the complaint does not sufficiently show that the defendant was county treasurer. We think the objection unsound. He is alleged to be the county treasurer of Boise county. If the controversy was whether he is such officer, then the additional facts showing his election and qualification might be necessary; but if he never was legally elected, and never lawfully qualified, and yet got possession of the office, by usurpation only, giving the bond which he has given, and committed a breach of its conditions, would defendants

claim that he could escape by showing that he was not legally the county treasurer? He would be equally liable in the one case as the other.

If he assumed the capacity, gave bond as such, and received moneys belonging to such an office, his liability, though he was legally a trespasser upon the office, would be just the same as if no legal objection to his official capacity existed. The gist of the action is that he received moneys in a certain capacity, which the law implies shall impose a particular application as the result of his assumed position, and he can not take advantage of his own wrong, by showing that he was not the officer he professed to be, and if it could not be pleaded as a defense, the plaintiffs could not be asked to negative it in their complaint.

This reasoning disposes of these objections growing out of an alleged want of authority on the part of the board of county commissioners to require additional bonds, or any bond, at the time this is alleged to have been given—all this we conceive to be, for the purpose of this suit, irrelevant and immaterial.

The law does not permit an officer to shelter himself from responsibility for his own acts behind the neglect of another. Suppose the board of commissioners had never required any bond, never fixed any amount for a bond, had never accepted any bond; or suppose, in fine, the defendant had never given any bond whatever, he would still, if solvent and able to respond to a suit, be liable for any money received in his assumed official capacity. This is good morals, and we believe sound law.

The next question is, What are the parties to this bond obligated for, and in what sum? The instrument itself shows what it is given for. It is to guarantee the "faithful discharge of the duties of said office of treasurer of said county according to law," by the defendant Slocum. That is the condition, now what is the penalty? The whole penalty is unquestionably thirty thousand dollars. But it is contended by defendants, that having agreed to the bond and signed as sureties in less sums, and for various amounts, they are bound only for those amounts. There is much

apparent reason for this assumption, yet this results more from the phraseology than the substance of the bond, and to give it such a construction would be to destroy the instrument.

What sort of a judgment could be rendered on an instrument so interpreted? It is expressed to be a joint as well as a several bond, and yet if this construction be given to it, it would be impossible to say that it was a joint bond, for if the parties are liable for only the separate and varying sums in which they justify, it is a several obligation only. Such a construction would require as many different kinds of judgments rendered on a joint suit as there are geometrical combinations in the number twenty-five—which is the number of defendants. This of itself renders the construction contended for such an absurdity as to compel us to abandon it for one more reasonable.

We think, therefore, that this is a joint and several bond for thirty thousand dollars, and that each and all of the defendants are liable for that sum, and the sum set opposite their respective names is to show the sums for which they intended to justify and to fix their liabilities towards each other in the event of the collection of the penalty and the necessity for a contribution and settlement. This would make the bond effectual for its avowed purpose, give a reasonable construction to all its parts, and destroy none of its provisions. We can see no other interpretation that would not lead to inconsistencies and absurdities utterly irreconcilable with reason and honesty.

The defendants by their brief make the objection to the recovery in this case that the bond, though dated on the twenty-sixth of June, did not take effect until the thirtieth, and that some of the breaches complained of may have occurred between those dates, and that for such breaches they would not be liable. We think the general doctrine is that a sealed instrument takes effect from its date, though the delivery may have been postponed to a subsequent time, but in any event such a defense as the one insisted upon can be made only by answer setting up the facts.

While we do not deny that an obligee of a bond has " the

right to stand upon the very terms of his contract," and that he would not be liable for breaches of its provisions which may have occurred prior to its execution, we can not see the application of this principle to the facts of this complaint. All the breaches are alleged to have occurred subsequent to the date of the instrument, and while the defendant Slocum was in office, and unless the facts should show a different case than the one made by the complaint we think the plaintiffs have a right to recover.

We have thus far discussed the liabilities of the defendants, and the right of the plaintiffs to recover. There remains one question as to the pleadings raised by the third ground of demurrer, which is that the complaint is ambiguous, uncertain, etc. We must conclude that this point is well taken. The complaint contains four counts, setting up claims for recovery, but whether they are really one claim stated in different forms, or separate and distinct claims, it is difficult on reading the complaint to discover. Whether the plaintiffs intend to say that they have suffered losses in the aggregate, amounting to fourteen thousand dollars, or whether they intend to fix them at eight thousand, or five thousand dollars, it is impossible to tell on a comparison of the counts with one another. The rule under the code allows a party to state as many causes of action as he may have, if they are of a character to be properly combined in the same complaint, but it does not permit a party to set out the same cause under different forms. That is in fact the change in the form of pleadings introduced by the code, and it is one which the courts incline strictly to enforce.

The grounds of recovery urged in the first and second breaches of the bond alleged by the complaint are substantially the same. Proof which would entitle the plaintiff to recover under one would equally apply to the other. One alleges that Slocum had the money and refused to pay over, the other that he had the same amount collected from the specified sources and refused to pay over. The ground of recovery is not that it was collected by him from any particular source, but that he received in the alleged capacity and refused or neglected to disburse. They are there-

fore obnoxious to the objection of pleading the same cause of action in different forms, and clearly improper. The rule is, that it is considered no variance from the proof if the facts show a substantial right to recover under the allegation, and the necessity of having various forms of stating the same cause of action is thus fully obviated. The demurrer in this particular we think well taken and is sustained.

The cause will be remanded with directions to require the complaint to be amended and made more definite, and upon complying that the plaintiffs proceed with their action.