[No. 1038.   Decided March 13, 1894.]

WILLIAM B. HANNA AND MOLLIE HANNA, *Respondents*, v. GEORGE M. SAVAGE *et al.*, *Appellants.*

STAY BOND — LIMITED LIABILITY OF SURETIES — TECHNICAL DEFECTS — JUDGMENT AGAINST SURETIES.

Where the sureties in a stay bond given upon appeal expressly limit their liability to sums less than the judgment, the instrument cannot be construed as a joint and several bond for the whole amount of the judgment.

Although the formal requirements of the statute have not been complied with in the execution of a stay bond on appeal, such bond cannot be held void therefor, and the makers allowed to escape responsibility, after the bond has subserved the purpose for which it was given.   (STILES and ANDERS, JJ., dissent.)

Where each surety in a stay bond limits his liability to the amount set opposite his name, the fact that the bond recites that the principal and sureties are "jointly and severally" bound thereby must be construed as making each surety jointly bound with the principal to the extent of his limited liability, and does not make him jointly liable with the other sureties for the whole amount of the bond.

It is within the jurisdiction of the supreme court to enter judgment against the principals and sureties upon a stay bond on appeal when affirming judgment against the appellants.

*Appeal from Superior Court, Thurston County.*

*Doolittle & Fogg, C. O. Bates,* and *Crowley & Sullivan,* for appellants.

*Allen & Moore,* for respondents.

The opinion of the court was delivered by

Dunbar, C. J.—A joint and several judgment was heretofore rendered in this court in favor of W. B. Hanna and Mollie Hanna, and against George M. Savage, Walter J. Thompson and Henry Drum as principals, and Robert Wingate *et al.* as sureties, for the full amount of the judgment, and this is a petition by the sureties to vacate or modify said judgment.

The following is a copy of the bond:

*In the Superior Court of the State of Washington in and for the County of Thurston.*

William B. Hanna and Mollie
   Hanna,                *Plaintiffs,*
         *vs.*.                                     STAY BOND ON APPEAL.
George M. Savage, Walter J.
   Thompson and Henry Drum,
               *Defendants.*

*Know all men by these presents:*

That we, George M. Savage, Walter J. Thompson and Henry Drum, as principals, are held and firmly bound unto William B. Hanna and Mollie Hanna in the penal sum forty thousand three hundred dollars ($40,300); and we, Robert Wingate, M. F. Hatch, Geo. F. Orchard, Edwin Eells, Allen C. Mason, Stuart Rice, Charles S. Reeves, H. C. Wallace, Isaac W. Anderson, A. M. Stewart, F. I. Mead, Abe Gross, W. B. Allen, P. A. Paulson, H. W. Bryer, S. M. Orchard, Abbie A. Eells, as sureties, are each of us held and firmly bound unto said William B. Hanna and Mollie Hanna in the penal sum following each of our respective names, for the payment of which, well and truly to be made, we hereby bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Witness our hands this 24th day of June, 1893.

The condition of this obligation is such that, whereas, on the 12th day of July, 1893, in the above entitled action, a judgment was entered against said defendants and in favor of plaintiffs for the sum of nineteen thousand nine hundred sixty-nine and twenty-five one-hundredths dollars ($19,969.25) and costs, taxed at ninety and eighty-five

one-hundredths dollars ($90.85); and, whereas, said defendants have appealed to the supreme court from said order and final judgment, and have served their notice of appeal as required by statute, and it is desired to stay proceedings on said judgment until the hearing and decision of said appeal: Now, therefore, if the said appellants will satisfy and perform the order and judgment in said cause appealed from, if it shall be affirmed, and shall satisfy and perform any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court, in said action, then this obligation shall be null and void; otherwise to remain in full force and effect.

GEORGE M. SAVAGE.
WALTER J. THOMPSON.
HENRY DRUM.
ROBERT WINGATE, for $2,000.
M. F. HATCH, for        2,000.
GEO. F. ORCHARD,  ⎫
S. M. ORCHARD,    ⎬   2,000.
EDWIN EELLS,      ⎫
ABBIE A. EELLS,   ⎬   2,000.
ALLEN C. MASON,       5,000.
STUART RICE,          2,000.
CHARLES S. REEVES,    5,000.
H. C. WALLACE,        2,000.
ISAAC W. ANDERSON,    5,000.
A. M. STEWART,        2,000.
F. I. MEAD,           2,000.
ABE GROSS,            3,000.
W. B. ALLEN,          5,000.
P. A. PAULSON,        5,000.
H. W. BRYER,          2,000.
Witnesses: CHARLES A. MURRAY.
           E. T. DUNNING.

It is contended by the appellants:

*First:* That the bond not having been given in accordance with the requirements of the statute is wholly void, and that no judgment can therefore be rendered against the sureties.

*Second:* That if the sureties can be held at all, they can only be held for the amount set opposite their respective names.

*Third:* That in any event it is only a common law bond, and judgment can only be entered in a suit on the bond.

While the respondents contend that it is to be construed as a joint and several bond for the whole amount of the judgment. This contention is sustained by *People v. Slocum*, 1 Idaho, 62. Although that case was an action on the bond, yet the principles discussed are the same which are involved here; and, if we considered them sound, we think would be decisive of this case. But we think the court went too far in that case.

It is a generally conceded proposition that where a person has executed a bond, the execution is supposed to be made with reference to the law providing for the requirements of such bond, and that the law governing such cases becomes imported into the contract; but this presumption cannot be indulged further than as an aid in the construction of the contract when there is a doubt as to the extent of the liability incurred, and cannot be invoked to enlarge the liability which is plainly expressed in the contract, or to change the contract which is specifically made, or to render inoperative a specific limitation. The condition of this obligation is plain. It is limited by express words to the sum following the respective names of the sureties, and it is that sum and none other which the respective sureties bind themselves to pay. It seems to us that the language used is not susceptible of construction, and that there is no principle of law which can bind a bondsman for any greater amount than he contracts to pay, whether he be principal or surety.

On the other hand, we cannot endorse the theory urged by the petitioners that the bond, because it has not formally complied with the statute, is absolutely void. We have no doubt of the correctness of the general proposition

urged by the petitioners that the liability of a surety is not
to be extended by implication beyond the terms of his con-
tract, but this same principle can be invoked for the pro-
tection of the parties to any contract.    A bond, like any
other contract, must be reasonably construed, and the in-
tention of the contracting parties determined primarily by
the language used in the contract itself, and when the lan-
guage is doubtful, or ambiguous, the circumstances sur-
rounding its execution and the law providing for its
execution may, as we have before said, be brought to the
aid of the court in its interpretation.

It is doubtless true, also, as urged by the petitioners,
that a surety has a right to stand upon the very terms of
his contract, and for that matter so has any other man who
enters into a contract when the terms of the contract are
plainly expressed.    In this case the terms of the contract
are that each of the sureties is held and firmly bound unto
the respondents in the sum following his name, and if he
stands upon the very terms of his contract he must be held
bound for that amount.

This contract was entered into by the petitioners with
the respondents in this case for a purpose; that purpose
was to stay the proceedings, and to prevent the respond-
ents from satisfying their judgment out of the property of
·appellants until the appeal should have been determined.
That purpose was subserved by this bond, and we do not
think it would be in accord with good morals or the prin-
ciples underlying fair dealings to allow them now to escape
the responsibility which they contracted because the formal
requirements of the statute were not complied with in the
execution of the bond.    This is the doctrine of the Cali-
fornia courts, as announced in *People v. Breyfogle*, 17 Cal.
504, and which has been uniformly followed since its an-
nouncement in that state, and which seems to us to be a
reasonable and just doctrine.    There it was held that the
expression "jointly and severally bound," which also oc-

curs in the bond in this case, should be construed to mean that each surety was jointly bound with the principal, and not with the other sureties; and inasmuch as each surety in this case has limited his liability to the amount set opposite his name, it conclusively follows that the joint liability cannot be with the other sureties, but must, therefore, of necessity be with the principal.

It is also urged by the petitioners that under the constitution of this state the supreme court has no original jurisdiction excepting in cases of habeas corpus, quo warranto and mandamus as to state officers, and that all of the jurisdiction conferred upon the court is appellate, and that the power to enter judgment against the sureties upon a bond is necessarily an exercise of an original jurisdiction, and therefore without the jurisdiction of this court. This question we determine against the contention of the appellant.

The judgment will, therefore, be modified to the extent of entering a judgment for the whole amount against the principals, and against each surety for the amount set opposite his name in said bond. Execution to issue for the amount of the principal judgment and costs.

HOYT and SCOTT, JJ., concur.

STILES, J. (*dissenting*). — The bond construed in this case was by statute required to obligate each signer for the full amount of the judgment. It was given to stay proceedings. It did not comply with the statute; and it was, therefore, not a good bond, and did not secure a stay. It could have been moved against at any time, and we should have held it not a compliance with the law. Under the circumstances, I am unable to join in rendering judgment against the sureties, when the paper they signed has procured no stay, and was, therefore, without any consideration.

ANDERS, J., concurs.