[No. 10952.  Department One.  August 4, 1913.]

NORTHERN PACIFIC RAILWAY COMPANY, *Plaintiff*, v. FIDELITY
AND DEPOSIT COMPANY OF MARYLAND, *Appellant*,
AND ELWOOD LUMBER AND TIMBER COMPANY
*et al.*, *Respondents*.[1]

BONDS—CONSTRUCTION—JOINT OR SEVERAL LIABILITY—SUBROGATION
OF SURETY.  Where an injunction bond was given by various lum-
ber companies, as interveners in a suit in which a temporary in-
junction issued restraining the defendant railroad companies from
putting into effect a schedule of increased freight rates, and the
bond was conditioned that the interveners "shall severally repay
to the defendants severally upon the several shipments" of the in-
terveners, such increase in rates as may be adjudged to be lawfully
chargeable, the bond does not create a joint liability for the in-
creased freight found by the court to be lawful, but each shipper
was severally liable only for the amount due on its own shipments;
hence the subrogation of the surety on the bond under Rem. & Bal.
Code, § 978, must be in severalty against the shippers found liable,
especially in view of the fact that the several interveners were
strangers to each other as far as business relations were concerned,
and had no interest in common other than securing the injunction.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered July 24, 1912, upon findings
in favor of the plaintiff, in an action on contract, tried to the
court.  Affirmed.

*William W. Wilshire*, for appellant.

*Farrell, Kane & Stratton*, for respondent Elwood Lumber
and Timber Company.

*Paul Shaffrath*, for respondent Sunset Shingle Company.

PARKER, J.—The Northern Pacific Railway Company
brought this action in the superior court for King county,
seeking recovery from the surety and principals upon a bond,
executed and filed by them in the circuit court of the United

[1]Reported in 134 Pac. 498.

States, a copy of which, so far as necessary for our present inquiry, is as follows:

"In the Circuit Court of the United States for the Western District of Washington Northern Division.—In Equity. Pacific Coast Lumber Manufacturers' Association, et al., Complainants, v. Northern Pacific Railway Company, et al., Defendants. No. 1565. Bond by Intervenors.

"Know All Men by These Presents

"That we, Active Lumber and Shingle Company, B. B. Shingle Company, F. H. Benedict, Clearbrook Lumber Company, Columbia Valley Shingle Company, Cline Lumber Company, Elwood Lumber and Timber Company, Evergreen State Lumber and Shingle Company, Hughey Shingle Company, Kendall Mill Company, H. T. Ross, Sunset Shingle Company, Triple B. Shingle Company and Washington Shingle Company as principals, and Fidelity and Deposit Company of Maryland as surety, are held and firmly bound unto the Northern Pacific Railway Company, Great Northern Railway Company, Chicago, Burlington & Quincy Railroad Company, Oregon Railroad & Navigation Company, Oregon Short Line Railroad Company, Union Pacific Railroad Company, Bellingham Bay & British Columbia Railroad Company, Columbia & Puget Sound Railroad Company, Port Townsend Southern Railroad Company and Canadian Pacific Railway Company, defendants in the above entitled cause, in the just and full sum of Ten Thousand 00-100 Dollars ($10,000), for the payment of which well and truly to be made, we do hereby bind ourselves and each of our heirs, executors, administrators, successors and assigns, firmly by these presents.

"Sealed with our seals and dated this 9th day of March, 1908.

"The condition of the foregoing obligation is such that:

"Whereas the parties first above named in the foregoing obligation as complainants in intervention have commenced a certain suit in intervention in the above entitled cause and court against the above named parties defendant and have therein prayed for an injunction against the defendants pending the trial of said suit; and

"Whereas the Honorable Cornelius H. Hanford, one of the judges of said court, has granted said prayer for a provisional injunction upon condition that the said complainants

in intervention will cause to be executed a good and sufficient bond to defendants in the sum of Ten Thousand and 00-100 Dollars ($10,000), to secure them against all costs and damages which may be awarded to them in case said order shall be finally determined to have been improperly granted, and upon the further condition that the complainants in intervention shall severally repay to the defendants severally upon the several shipments of said complainants in intervention any difference in freight rates existing October 31, A. D., 1907, on lumber, shingles, and other forest products from points of origin in the state of Washington to points of destination in other states, and such increase in said rates as may hereafter be adjudged to be lawfully chargeable on and after the 1st day of November, A. D., 1907.

"Now therefore if the said complainants in intervention herein shall well and truly pay to the defendants all costs and damages which may be awarded to them in case the said court shall finally determine that the said order was improperly granted:

"And if they shall also severally well and truly pay to the defendants severally upon the several shipments of said complainants in intervention herein any difference in the freight rates existing October 31, A. D., 1907, on lumber, shingles and other forest products hereafter hauled by defendants or either of them from points of origin in the State of Washington to points of destination in other states, and such increase in said rates as may hereafter be adjudged to be lawfully chargeable on and after the first day of November, A. D., 1907, then this obligation shall be null and void otherwise to be and remain in full force and effect.

"Witness our hands and seals this 9th day of March, 1908.

ACTIVE LUMBER & SHINGLE CO.
          By Austin E. Griffiths, Its Solicitor.
B. B. SHINGLE CO.
          By Austin E. Griffiths, Its Solicitor.
F. H. BENEDICT
          By Austin E. Griffiths, His Solicitor.
CLEARBROOK LUMBER CO.
          By Austin E. Griffiths, Its Solicitor.
COLUMBIA VALLEY SHINGLE CO.
          By Austin E. Griffiths, Its Solicitor.

Cline Lumber Co.
        By Austin E. Griffiths, Its Solicitor.
Elwood Lumber & Timber Co.
        By Austin E. Griffiths, Its Solicitor.
Evergreen State Lumber & Shingle Co.
        By Austin E. Griffiths, Its Solicitor.
Huey Shingle Co.
        By Austin E. Griffiths, Its Solicitor.
Kendall Mill Co.
        By Austin E. Griffiths, Its Solicitor.
H. T. Ross
        By Austin E. Griffiths, His Solicitor.
Sunset Shingle Co.
        By Austin E. Griffiths, Its Solicitor.
Triple B. Shingle Co.
        By Austin E. Griffiths, Its Solicitor.
Washington Shingle Co.
        By Austin E. Griffiths, Its Solicitor.
Fidelity & Deposit Company of
    Maryland
        By Walter S. McKay, Attorney in Fact.
        Attest: by A. W. Whalley, Agent.
    "The foregoing bond is hereby approved.
    "Done and dated in open court this 9th day of March,
1908.                                    C. H. Hanford."

The plaintiff railway company alleged in its complaint that there was due it from certain of the defendants, principals upon the bond, respectively, certain sums on account of freight, aggregating $3,653, claiming the same to be secured by the provisions of this bond, and demanding judgment for such aggregate sum jointly against the surety and all of the principals. The defendant Fidelity and Deposit Company, surety upon the bond, interposed no motion or pleading other than an answer to the merits, wherein it simply denied knowledge or information as to the unpaid freight due to the plaintiff from the principals and denied generally its indebtedness to the plaintiff upon the bond in any sum whatever.

A trial before the court without a jury resulted in find-

ings and judgment in favor of the plaintiff against two of
the principals in the sum of $843.82 and $726.22, respective-
ly, and against Fidelity and Deposit Company, as surety,
in the aggregate of those sums.   It was further adjudged
that upon payment of the judgment by the surety, Fidelity
and Deposit Company, it be subrogated *pro tanto* to the
rights of the plaintiff as against these two judgment debtors.
The action was dismissed as to certain other principals
named as defendants, evidently upon the ground that there
were no sums due from either of them to the plaintiff on ac-
count of unpaid freight, and the court declined for that reason
to render judgment against them upon the bond.   Other
portions of the judgment somewhat inconsistent with such
dismissal, holding other defendant principals upon the bond
jointly liable, we need not notice, since no appeal has been
taken involving their rights.   From this disposition of the
cause, the Fidelity and Deposit Company has appealed.

While counsel for appellant has assigned numerous errors,
the substance of his contention is that the trial court erred
in declining to hold all of the principals jointly liable upon
the bond for the payment of freight becoming due and unpaid
from each and all of them to the plaintiff, and thus render
them each and all jointly as well as severally liable to ap-
pellant under its rights of subrogation secured by Rem. &
Bal. Code, § 978 (P. C. 81 § 1641), which provides:

"When any defendant surety in a judgment or special
bail or replevin [bail], or surety in a delivery bond or replev-
in bond, or any person being surety in any bond whatever,
has been or shall be compelled to pay any judgment, or any
part thereof, or shall make any payment which is applied
upon such judgment by reason of such suretyship, or when
any sheriff or other officer or other surety upon his official
bond shall be compelled to pay any judgment, or any part
thereof, by reason of any default of such officer, except for
failing to pay over money collected, or for wasting property
levied upon, the judgment shall not be discharged by such
payment, but shall remain in force for the use of the bail,
surety, officer, or other person making such payment, and

after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use."

So the problem for our solution is, Does this bond render the principals jointly as well as severally liable thereon, so far as the liability incurred by the last paragraph thereof relating to payment of freight is concerned, this being an action to recover upon that liability alone? It will be of some aid in arriving at a correct interpretation of the bond to note the circumstances under which it was executed. These, so far as necessary for us to further notice them, are undisputed and in substance as follows. Prior to October 31, 1907, the plaintiff and other carriers amenable to the Federal interstate commerce act, filed and published tariff rates substantially higher than the rates theretofore in force. On that day, the circuit court of the United States enjoined the collection from the Pacific Coast Lumber Manufacturers' Association amounts for the shipping of forest products scheduled in such tariff rates·in excess of the rates shown in schedules of tariffs on file with the interstate commerce commission and in force up to that date. This injunction was issued at the suit of the Pacific Coast Lumber Manufacturers' Association and others, as complainants, and against this plaintiff and other carriers, as defendants.

Thereafter the principals upon this bond, by leave of court, intervened in that suit and prayed that the defendants therein be also enjoined from collecting such increased tariff rates from them. Thereupon a provisional injunction was issued as recited in the bond here sued upon, which bond was thereupon executed, and filed in that suit. Thereupon the plaintiff received and transported from the several interveners forest products in pursuance of the provisional injunction order, and collected compensation therefor according to the tariff rates in force up to October 31, 1907. Thereafter the interstate commerce commission fixed and determined rates chargeable for transportation of forest prod-

ucts higher than the rates chargeable under the rates in force up to October 31, 1907, resulting in there becoming due to the plaintiff from certain of the interveners for unpaid freight after October 31, 1907, additional sums, including the sums for which judgment was rendered in this action. It is a fair inference to be drawn from the conceded facts of this case that the several interveners were strangers to each other, so far as their business relations are concerned, and had no interest in common other than the obtaining of the provisional injunction, and that their intervention in that suit was purely a matter of convenience and economy, and was permitted by the court to avoid numerous suits.

There has not been brought to our attention any decisions of the courts of any material aid to us in the interpretation of the language of this bond touching the question of the joint liability of the principals thereon. The question is conceded by counsel for all parties to be practically one of first impression. In the first part of the bond, the surety and principals "are held and firmly bound unto" the plaintiff and other carriers named, without any specific words of joint or several liability. The recitals in the bond, as to the nature of the order of the court in pursuance of which it was executed, are that the bond should be conditioned, so far as this liability is concerned, "that the complainants in intervention shall severally repay to the defendants severally upon the several shipments of said complainants in intervention any difference in freight rates . . . and such increase in said rates as may hereafter be adjudged to be lawfully chargeable on and after the 1st day of November, 1907." The condition actually inserted in the bond is, "if they shall also severally well and truly pay to the defendants severally upon the several shipments of said complainants in intervention herein any difference in the freight rates . . . then this obligation shall be void . . ." Looking carefully to all of the provisions of the bond, having in view the circumstances under which and the purpose for which it was given and the relation-

ship of the several principals thereon, we are of the opinion that it does not create a joint liability, in so far as the payment of freight is concerned, and that is the only liability here sued upon.

Counsel for the principals upon the bond call our attention to the following: *Hanna v. Savage*, 8 Wash. 432, 36 Pac. 269; *People v. Breyfogle*, 17 Cal. 504; *Boyd v. Keinzle*, 46 Md. 294. Those cases, however, are of but little aid in our present inquiry, in view of the fact that it seems plain by the recitals of each bond involved therein that the obligors thereon were not rendered jointly liable. On the other hand, counsel for appellant invokes the former rule of strict construction in favor of sureties. This rule, however, has not only been repudiated in this state, but for the most part elsewhere when it comes to measuring the liability of paid sureties. *Cowles v. United States Fidelity & Guaranty Co.*, 32 Wash. 120, 72 Pac. 1032, 98 Am. St. 838; Frost, Law of Guaranty Insurance (2d ed.), § 4. So we must resort to the rules of construction applicable to other contracts. Viewed in this light, we are of the opinion that this bond does not create a joint liability, though it must be confessed the case here presented is by no means free from difficulty. It follows that the judgment must be affirmed.

It is so ordered.

MOUNT, CHADWICK, and GOSE, JJ., concur.